UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-85-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

DAMON SHANKLIN                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on five pretrial motions of Defendant Damon Shanklin. [DN 14; 15; 16; 17; 29.] The United States has responded. [DN 22; 23; 24; 25; 41.] As to one motion [DN 29], Defendant replied. [DN 42.] These motions are now ripe for adjudication. The Court will address each of Defendant's motions in turn.

**I.     Motion for Disclosure of 404(b) Evidence [DN 14]**

In his first motion, Defendant seeks an order requiring the United States to turn over Rule 404(b) evidence. [DN 14.] Rule 404(b) allows prosecutors to introduce evidence of crimes, wrongs, or other acts of the defendant for a permissible purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Moreover, upon the request of the defendant, prosecutors "must . . . (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and . . . (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." *Id.* This notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility." *Id.* 404(b) advisory committee's note to 1991 amendment.

Defendant requests that the United States include in its Rule 404(b) disclosures "a description of the general nature" of such evidence and "the manner and means in which it intends to be proved, including statement of witnesses or a summary of the substance of any testimony that is expected to be offered" at least thirty days before trial. [DN 14 at 1–2.] In its Response, the United States acknowledges its obligation to disclose Rule 404(b) evidence in advance of trial, but asserts that the Rule does not require a specific time in which disclosures must be made, and that fourteen days is more appropriate than the thirty days Defendant suggests. [DN 24 at 1.] It appears the only dispute between the parties in this regard is the required time for disclosure.

In the Scheduling Order entered by the Court on October 5, 2016, the Court stated that "[t]he Government shall provide 404(b) evidence **three weeks prior to trial**," and that "[a]ny objections by defendant shall be filed within 7 days." [DN 31 at 1.] Given the nature and complexity of the case, the Court finds that three weeks, or twenty-one days, is a reasonable time for the United States to disclose 404(b) evidence such that Defendant will have an adequate opportunity to utilize such evidence. Accordingly, insofar as Defendant requests this Court to order disclosure thirty days in advance of trial, his motion is denied. Insofar as Defendant seeks disclosure of Rule 404(b) evidence in general, his motion is granted.

II.     **Motion for Disclosure of In-Court and Out-of-Court Identification [DN 15]**

In his second motion, Defendant requests the Court to order the United States to provide "written notice of whether the Defendant was the subject of any identification procedure employed by the government, and if so, to disclose whether the Defendant was the subject of identification through any photo spread or similar identification proceeding, the procedure employed, and the results thereof." [DN 15 at 2.] In its Response, the United States asserts that it

"does not have evidence of any out-of-court witness identification evidence at this time. If in the future, however, the United States does obtain evidence of out-of-court identification, it will notify Shanklin as soon as practicable to afford the defendant an opportunity to object before trial." [DN 23 at 1.] Accordingly, the Court will deny Defendant's motion as moot.

### III.   Motion for Disclosure of Favorable Evidence [DN 16] and Motion for Production of Exculpatory and Impeachment Evidence [DN 17]

In his third motion, Defendant seeks to compel the United States to disclose favorable evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). [DN 16.] Defendant states that such disclosures "should include a description of the general nature of any such evidence," in addition to "statements of witnesses or a summary of the substance of any testimony that is relevant to disclosure," and "the name, address, and telephone number of relevant witness, if known to the government or the exercise of due diligence can be obtained." [*Id.* at 1.]

In his fourth motion, Defendant seeks to compel the United States to disclose evidence "tending to show witness bias, drug use or habit, psychiatric treatment, monetary incentive, leniency or favorable treatment, or other evidence showing lack of competency or impartiality" of government witnesses pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). [DN 17.]

*Brady* and its progeny define the scope of the United States' obligation to "turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs,* 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing (*United States v. Agurs,* 427 U.S. 97, 112 n.20 (1976)). Moreover, the United States' obligation includes a duty to disclose evidence that could be used to impeach a witness's credibility when his reliability "may be determinative of guilt or innocence." *Giglio,* 405 U.S. at 154–55. *See also United States v.*

*Presser*, 844 F.2d 1275, 1278 (6th Cir. 1988) ("The general rule articulated in *Giglio,* is the Brady rule.")

"[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to adequately comply with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Id.* at 1281. If the prosecution denies that such exculpatory material exists, the defense has no "general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

In its Responses to Defendant's motions, the United States assures the Court that it recognizes its duties under *Brady* and *Giglio* and that it will comply with those duties. [DN 25; 22.] However, the United States argues that Defendant's requests for disclosure are broader than required by *Brady* and *Giglio* and should therefore be denied. [DN 25; 22.] Specifically, for example, the United States asserts that it is not required to disclose "evidence available to the defense from other sources," "evidence the defense already possesses," "evidence that the United States could not reasonably be imputed to have knowledge or control over," or "evidence that might lead to other evidence." [DN 25 at 1–2; DN 22 at 1–2 (citations omitted).] The United States also points out that it is "well-settled that statements of witnesses (Jencks material) need not be disclosed until after the witness testifies. If a statement constitutes both Brady and Jencks material, Jencks "trumps" Brady and disclosure is not required until after the witness testifies." [DN 25 at 2–5 (internal citation omitted) (citing *Presser*, 844 F.2d at 1275; 1283 and *Bencs*, 28 F.3d at 561).]

To the extent that Defendant's motions seek disclosure of evidence beyond that required by *Brady* and *Giglio,* the Court will deny those motions as excessively broad. "[T]he prosecutor

is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Presser*, 844 F.2d at 1281 (quoting *United States v. Bagley,* 473 U.S. 667, 675 (1985)). However, the United States is reminded of, and shall comply with, its disclosure obligations under *Brady* "in time for its 'effective' use at trial." *Id.* at 1283. While this requirement imposes no specific time requirement, the Court strongly encourages early disclosure.

    IV.    **Motion for Disclosure of Identity of Confidential Informant or in the Alternative Motion to Suppress Evidence [DN 29]**

In his fifth motion, Defendant moves the Court to compel the United States to disclose the identity of a "confidential informant" who provided information to the United States that it used to secure a search warrant. [DN 29.] Alternatively, Defendant moves the Court to "suppress all evidence obtained thereafter as a result of the execution of the search warrant and arrest of Shanklin." [*Id.*] The United States responded. [DN 41.] Defendant replied. [DN 42.]

The Sixth Circuit recently explained that, under *Roviaro v. United States*, 353 U.S. 53 (1957), "[t]he government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016) (citing *Roviaro*, 353 U.S at 59–60). However, the "privilege is limited . . . by 'the fundamental requirements of fairness.'" *Id.* (quoting *Roviaro*, 353 U.S. at 60). Specifically, the privilege must yield "when 'disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* (citing *Roviaro*, 353 U.S. at 60–61). In making this determination, courts must "balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* (citing *Roviaro*, 353 U.S. at 62). This is a case-by-case determination, and courts must "tak[e] into consideration the crime charged, the possible defenses, the possible

significance of the informer's testimony, and other relevant factors." *Id.* (quoting *Roviaro*, 353 U.S. at 62).

"The question of disclosure is generally left to the district court's discretion." *Id.* at 707 (citing *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (per curiam)). Moreover, a defendant must provide more than "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony"; rather, "defendant[s] must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted." *Id.* (quoting *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015); *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992); *Sharp*, 778 F.2d at 1187). Courts "usually deny disclosure when the informer was not a participant in the underlying alleged crime, and instead 'was a mere tipster or introducer.'" *Id.* (citing *Sharp*, 778 F.2d at 1187, 1186 n.2).

Defendant explains in his motion that "[t]he affidavit in support of the search warrant provided that the Detective received information from a confidential reliable informant who within the last 48 hours observed marijuana inside the residence occupied by Dame [sic] Shanklin." [DN 29 at 1.] The affidavit additionally included Defendant's criminal history and stated "that while detectives were getting a description of the residence that they smelled the strong odor of marijuana." [*Id.* at 1–2.] Defendant requests the identity of this confidential informant on the grounds that "[t]he affidavit suggests that the CI was inside the residence shortly before the issuance of the search warrant. It is quite possible the CI placed or left items within the residence that are now being attributed to Shanklin. This is material to the defendant's defense in this case." [DN 29 at 3.]

In its Response, the United States asserts that disclosure of the identity of its confidential informant is not essential to Defendant's preparation of his defense. [DN 41 at 1 (citing *Roviaro*,

353 U.S. at 60–61).] The United States explains that the confidential informant's statement involved the observation of marijuana plants, but that Defendant was not charged with a drug crime, but rather with being a felon in possession of a firearm. [*Id.* at 3–4.] To that point, the United States argues that "[t]here is no indication the informant had any knowledge of the firearm found in the defendant's home during the search," and that the informant in this case was "nothing more than a tipster" who "played no role in the offense, and had no information relating to the offense for which the defendant is now awaiting trial." [*Id.* at 4.] The United States further claims that Defendant's argument that the confidential informant "left items in the residence that are being attributed to the defendant" is "mere conjecture," and that "defendant presents no evidence to support this claim." [*Id.*]

In his Reply, Defendant argues that, because the confidential informant observed marijuana "inside" Defendant's residence, this suggests the informant him or herself was *inside* the residence, and "[i]t is material to the defense in this case to establish who was at the residence at the time of the observations made by the confidential informant within the home." [DN 42 at 1–2.] Moreover, Defendant claims that the confidential informant's identity "is material to establish ownership of the items seized form [sic] the residence" and that "[t]he affidavit is devoid of any detail as to how the confidential informant gained entry into the residence. However, it is clear that there no allegation that Shanklin was observed within the residence at that time." [*Id.* at 3.]

The Court agrees with the United States that Defendant has "failed to demonstrate how disclosure of information about the CI would 'substantively assist his defense' or that disclosure [i]s 'essential to a fair trial.'" *Doxey*, 833 F.3d at 707 (quoting *Moore*, 954 F.2d at 381; *United States v. Sales*, 247 F. App'x 730, 734 (6th Cir. 2007)). Defendant's claims that the confidential

informant may have been inside the residence and may have "placed or left items with in the residence that are now being attributed to Shanklin" [DN 29 at 3] are "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony." *Doxey*, 833 F.3d at 707 (quoting *Sharp*, 778 F.2d at 1187). Defendant has failed to provide evidence that the informant's identity would help him prepare his defense. *See id.* Moreover, as the United States points out, it appears the confidential informant in this case "was not a participant in the underlying alleged crime" involving possession a firearm, but "instead 'was a mere tipster or introducer'" who provided initial information to law enforcement. *Id.* (citing *Sharp*, 778 F.2d at 1187, 1186 n.2). Specifically, while the informant relayed information to law enforcement regarding marijuana, Defendant was ultimately charged with a firearms offense. *See Sales*, 247 F. App'x at 735 ("Sales was not charged for the events occurring during the controlled purchase made by the CI, but rather for the possession of the drugs and firearms the police located during the search of Sales's residence.") Accordingly, the Court is unpersuaded that the requirements of fundamental fairness overcome the United States' privilege to maintain the confidentiality of the identity of its informant in this case, and the Court will therefore deny Defendant's motion to compel disclosure.

      Finally, Court will also deny Defendant's alternative motion to suppress all evidence obtained from the execution of the search warrant and from Defendant's subsequent arrest and post-arrest statements. Defendant has provided the Court no grounds on which to suppress such evidence. In fact, the only reference Defendant makes to grounds for suppression is in his Reply, in which he states that the identity of the informant is relevant to a "[p]otential motion to suppress based upon an illegal search and seizure of the residence." [DN 42 at 2.] Without more,

the Court can conceive of no ground on which to suppress evidence in this case, and Defendant's motion is accordingly denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

I.   Defendant's Motion for Disclosure of 404(b) Evidence [DN 14] is DENIED IN PART and GRANTED IN PART.

II.  Defendant's Motion for Disclosure of In-Court and Out-of-Court Identification [DN 15] is DENIED AS MOOT.

III. Defendant's Motion for Disclosure of Favorable Evidence [DN 16] and Motion for Production of Exculpatory and Impeachment Evidence [DN 17] are DENIED.

IV.  Defendant's Motion for Disclosure of Identity of Confidential Informant or in the Alternative Motion to Suppress Evidence [DN 29] is DENIED.

cc:   Counsel