UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:16-CR-00085-TBR

UNITED STATES OF AMERICA,                                          PLAINTIFF

v.

DAMON L. SHANKLIN,                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the United States' Motion *in Limine* to admit *res gestae* evidence or, in the alternative, "other acts" evidence under Fed. R. Evid. 404(b). [DN 46.] Defendant Damon L. Shanklin responded. [DN 54.] This matter is now ripe for adjudication. For the following reasons, the United States' motion, [DN 46], is **GRANTED**.

BACKGROUND

On September 7, 2013, after Louisville Metro Police Department (LMPD) detectives obtained a tip from a reliable confidential informant that Damon L. Shanklin was cultivating marijuana in his home, detectives obtained a search warrant for Shanklin's residence. [DN 29-2 at 2 (Detective Kevin McKinney's Affidavit); DN 29-2 at 5 (Search Warrant).] When executing that warrant, police discovered over fifty marijuana plants in a back room of the house; various chemicals, tools, and equipment typically used in marijuana cultivation; and pieces of mail and paperwork bearing Shanklin's name or otherwise associated with him. [DN 46 at 3 (United States' Motion *in Limine*).] In the only bedroom, police found two sets of digital scales and a magazine about growing marijuana. [*Id.*] On the nightstand next to the bed, police found a loaded Glock 17 9mm handgun. [*Id.*] On July 20, 2016, Shanklin was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [DN 1 (Indictment).] In this

motion *in limine*, the United States seeks to admit evidence at trial of Shanklin's marijuana growing operation.

STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through *in limine* rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013); *Mahaney ex rel. Estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 303 (W.D. Ky. 2011). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling *in limine* is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its *in limine* rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

DISCUSSION

The United States offers two theories under which it argues evidence of Shanklin's marijuana operation is admissible. First, it asserts that the evidence of the marijuana operation is *res gestae*, or background evidence that is inextricably intertwined with evidence of Shanklin's felon in possession of a firearm charge. [DN 46 at 2.] Second, The United States contends that the evidence is admissible under Federal Rule of Evidence 404(b)(2) for the purpose of showing

Shanklin's motive for possessing the firearm. [*Id.* at 5.] In response, Shanklin contends that the marijuana growing constitutes evidence that is extrinsic, unrelated, and irrelevant to his felon in possession charge and that the Rule 403 balancing test weighs in favor of excluding the evidence as unfairly prejudicial. [DN 54 at 2–3 (Shanklin's Response).] Because the Court agrees with the United States that the evidence of Shanklin's drug activity is admissible both as background evidence and as a permissible other purpose under Rule 404(b)(2), the Court will grant the United States' motion *in limine*. *Cf. United States v. Rhodes*, 314 F. App'x 790, 793 (6th Cir. 2008) ("We uphold the district court's decision to admit the drug evidence for at least two reasons. First, the drugs were *res gestae,* or "background," evidence . . . Second, the drugs provided a motive for possessing the ammunition: protecting the drug stash.")

**1) Background Evidence**

"Background or *res gestae* evidence is an exception to Rule 404(b)." *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (citing *United States v. Clay,* 667 F.3d 689, 697 (6th Cir. 2012)). "*Res gestae* is sometimes also known as 'intrinsic evidence.' 'Intrinsic acts are those that are inextricably intertwined with the criminal act charged or a part of the criminal activity as opposed to extrinsic acts, which are those that occurred at different times and under different circumstances from the offense charged." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015), *reh'g denied* (Oct. 23, 2015) (quoting *United States v. Stafford,* 198 F.3d 248, at *4 (6th Cir. 1999)). "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). Moreover, "[p]roper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

In *United States v. Rhodes*, the Sixth Circuit held that evidence of drugs found the defendant's apartment at the same time police discovered boxes of bullets was admissible at the defendant's trial as to his felon in possession of ammunition charge. 314 F. App'x at 793. There, as here, the court determined that the drug evidence was admissible for two reasons, one of which was because it was background evidence to the ammunition possession charge. *Id.* Similarly, here, evidence of marijuana cultivation at Shanklin's house "initiated this case; the drugs explain why the police raided [Shanklin]'s house" in the first place. *Id.* In other words, the suspected marijuana activity was "a prelude to the charged offense." *Hardy*, 228 F.3d at 748. Likewise, courts have found that drug possession is "directly probative of the charged offense" of firearm possession. *Rhodes*, 314 F. App'x at 793; *United States v. Till*, 434 F.3d 880, 884 (6th Cir. 2006) ("[T]he marijuana and cocaine . . . is directly probative of defendant's knowing possession of the firearm.")

Moreover, the scales and magazine "had a spatial and temporal connection to the" firearm, *Rhodes*, 314 F. App'x at 793, as they were all found at the same time, during the execution of the same search warrant, and in the same place: the only bedroom of Shanklin's house. The marijuana plants, found during the same search, were also in temporal proximity to the firearm. Further, as the house was small, the plants, though found "in the rear room," were likely also in spatial proximity to the firearm, which was found in "the front [and only] bedroom" of the house. [DN 46 at 3.] *Contrast United States v. Gibbs*, 797 F.3d 416, 423 (6th Cir. 2015) (Finding a lack of temporal proximity because "[r]etaliation that occurred one month after the shooting is not at all necessary to determine whether [d]efendant possessed ammunition at that earlier time.")

In sum, Shanklin's drug activity was a prelude to his possession of a firearm charge, probative of that offense, and discovered in temporal and spatial proximity to the firearm. *See Hardy*, 228 F.3d at 748. Accordingly, the Court finds that this evidence is admissible as background or *res gestae* evidence.

**2) Proving Motive Under 404(b)(2)**

Rule 404(b) prohibits the introduction of evidence of a person's crimes, wrongs, or other bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows the introduction of such evidence "for another purpose, such as proving motive." Fed. R. Evid. 404(b)(2). But before a court can

> allow evidence which appears to implicate other acts that speak to a defendant's character, the court must first consider whether there is a sufficient factual basis that the act occurred; second, whether the act is being offered for an appropriate reason; and third, whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial.

*Gibbs*, 797 F.3d at 425 (6th Cir. 2015) (citing *Adams*, 722 F.3d at 810). If the court determines, after evaluating these factors, that the evidence is admissible under Rule 404(b)(2), "then it 'must carefully identify in its instructions to the jury, the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn the jurors against using the evidence to draw the inferences expressly forbidden [by] Rule 404(b)." *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (quoting *United States v. Johnson,* 27 F.3d 1186, 1194 (6th Cir. 1994)).

**a) Sufficient Evidence that the Other Acts Occurred**

First, there is ample evidence that the marijuana cultivation occurred. The Supreme Court and the Sixth Circuit have explained that "the government is not required to demonstrate that the

5

other acts occurred by a preponderance of the evidence," but that "government cannot introduce evidence of potentially prejudicial similar acts without any substantiation." *Id.* (citing *Huddleston v. United States,* 485 U.S. 681, 689 (1988)). Here, most notably, the United States points out, and Shanklin does not dispute, that Shanklin was convicted in Kentucky state court of cultivating five or more marijuana plants as a result of the evidence found during the search of his house. [DN 46 at 7.] The Sixth Circuit has held that "certified copies of . . . conviction records" can constitute sufficient evidence that a defendant committed the other acts. *Id.*

Moreover, the United States explains in its motion that the same police officers who executed the search of Shanklin's house and who found the firearm, the marijuana, and the marijuana paraphernalia will testify to those events at trial. [DN 46 at 7.] Accordingly, provided that the United States offers one or both of these types of proof at trial, as it has indicated it will, the Court finds that there is sufficient evidence from which "a jury could reasonably conclude that" Shanklin was engaged in a marijuana growing operation. *Clay*, 667 F.3d at 699. Of course, if Shanklin ultimately does dispute the sufficiency of the evidence that these prior acts occurred, he is free to raise those challenges at trial.

**b) Offered for an Appropriate Reason**

Second, evidence of the marijuana growing operation is being offered for an appropriate reason; specifically, to show Shanklin's motive for possessing a firearm. As the Court noted above, Rule 404(b)(2) specifically identifies "proving motive" as a permitted use of "other acts" evidence. Fed. R. Evid. 404(b)(2). Indeed, the Sixth Circuit has stated that "evidence of drug possession can and perhaps ought to be admitted in cases of alleged firearm possession, partly to show motive for such possession." *Till*, 434 F.3d at 883; *Rhodes*, 314 F. App'x at 793 ("[T]he drugs provided a motive for possessing the ammunition: protecting the drug stash.") Here, police

6

uncovered more than fifty marijuana plants, at various stages of development, that were "potentially worth tens, if not hundreds, of thousands of dollars in finished product." [DN 46 at 3.] This Circuit has often recognized that "guns (and naturally, ammunition) are 'tools of the trade' used to protect drugs and drug money." *Rhodes*, 314 F. App'x at 793 (citing *United States v. Hardin,* 248 F.3d 489, 499 (6th Cir. 2001) ("This Court has held many times that guns are 'tools of the trade' in drug transactions.")). Accordingly, the Court finds that evidence of Shanklin's marijuana operation is highly probative of his motive for possessing the firearm: "protecting the drug stash." *Id.*

### c) Rule 403 Balancing

Third, evidence of marijuana cultivation is not unfairly prejudicial under Rule 403. Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds,* 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged . . . .'" *Bell*, 516 F.3d at 445 (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)). Under the Rule 403 analysis, courts must "look at the evidence in 'the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *Newsom*, 452 F.3d at 603 (quoting *Bonds,* 12 F.3d at 567 (citation omitted)).

In his response, Shanklin states only that "[e]vidence of other crimes or bad conduct for which the defendant is not on trial is arguably the most damaging and unfairly prejudicial evidence that a jury may hear in a criminal trial." [DN 54 at 3.] But Shanklin has not argued, and the Court does not find, that evidence related to the marijuana operation would suggest a decision on an *improper* basis. Rather, as the Court stated above, the probative value of this evidence is high with regard to Shanklin's motive for possessing a firearm. The damage from "the legitimate probative force" of this evidence is not enough for a finding of unfair prejudice. Accordingly, the Court finds that the probative value of the drug evidence is not substantially outweighed by the danger of unfair prejudice to Shanklin, and therefore that the evidence is admissible under Rule 404(b)(2). The Court will include an appropriate limiting instruction to the jury.

CONCLUSION

**IT IS HEREBY ORDERED** that the United States' Motion *in Limine*, [DN 46], is **GRANTED.**

Date:

cc: Counsel of Record