# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:16-CR-00085-TBR

**FILED**
VANESSA L. ARMSTRONG, CLERK

APR 25 2017

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

# UNITED STATES

## v.

# DAMON LAMONT SHANKLIN

# JURY INSTRUCTIONS

# INTSTRUCTION NO. 1

## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Defendant's Election Not to Testify or Present Evidence

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 4

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 5

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

# INSTRUCTION NO. 6

## Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

### Defendant's Prior Conviction

You have heard that before this trial, the defendant was convicted of a felony crime.

This conviction was brought to your attention because it is an element of the crime charged. You can use this evidence only for this purpose and no other purpose.

# INSTRUCTION NO. 9

## Other Acts of Defendant

You have heard testimony that the defendant committed acts and crimes other than the ones charged in the indictment. If you find the defendant did those acts and crimes, you can consider the evidence only as it relates to the government's claim on the defendant's motive. You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the knowing possession of a firearm or ammunition, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 10

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 11

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The parties for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 12

### Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

# INSTRUCTION NO. 13

## Elements

Count One of the indictment charges the defendant with violating federal law by being a convicted felon in possession of a firearm or ammunition.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant has been convicted of a felony crime punishable by imprisonment for more than one year. The government and the defendant have agreed that defendant has previously been convicted of a felony crime punishable by imprisonment for more than one year.

(B) Second: That the defendant, following his conviction, knowingly possessed a firearm, specifically, a Glock semiautomatic handgun with serial number BS057US, or ammunition.

(C) Third: That the above-specified firearm or ammunition crossed a state line prior to the alleged possession. It is sufficient for this element to show that the firearm or ammunition was manufactured in a state other than Kentucky.

## INSTRUCTION NO. 14

### Definitions

Now I will give you some more detailed instructions on some of these elements.

First, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the firearm or ammunition for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm or ammunition, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm or ammunition, and knew that he had this right, and that he intended to exercise physical control over the firearm or ammunition at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had possession of the firearm or ammunition, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

The defendant does not have to own the firearm in order to possess the firearm.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The indictment charges that the crime happened "on or about" September 3, 2013. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 15

### Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 16

### Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 17

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 18

## Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 19

## Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

# INSTRUCTION NO. 20

## Verdict

I have prepared a verdict form that you should use to record your verdict. That form is located on the last page of these instructions.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 21

### Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

# INSTRUCTION NO. 22

## Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

# INSTRUCTION NO. 23

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00085

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

DAMON LAMONT SHANKLIN,                                       DEFENDANT

### Jury Verdict Form

On Count One of the indictment, the knowing possession of a firearm, Glock semiautomatic handgun serial number BS057US, or ammunition, while a convicted felon, as described in these instructions,

We, the jury, find the Defendant, Damon Lamont Shanklin:


_____    GUILTY


_____    NOT GUILTY


_____          _____
Foreperson                                          Date