# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DAMON LAMONT SHANKLIN**  MOVANT/DEFENDANT

v.  CRIMINAL ACTION NO. 3:16-CR-P85-TBR

**UNITED STATES OF AMERICA**  RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION AND ORDER

Movant/Defendant Damon Lamont Shanklin (Movant) filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 125) and a motion to proceed *in forma pauperis* (DN 126).

Because there is no fee for filing a § 2255 motion, **IT IS ORDERED** that the motion to proceed *in forma pauperis* (DN 126) is **DENIED**.

The § 2255 motion is before the Court for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

A review of the record reveals that Movant's Judgment and Commitment Order was entered March 20, 2018 (DN 92). On the following day, Movant filed a notice of appeal (DN 94), and the appeal is still pending in the Sixth Circuit Court of Appeals (No. 18-5289).

"[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id.*; *see also* Rules Governing Section 2255 Proceedings for the United States

District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)).

The Court concludes that Movant has failed to present any extraordinary circumstances in this case. Consequently, the Court will deny the § 2255 motion and dismiss the action without prejudice.

Before Movant may appeal this Court's decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

As the Court is satisfied that no jurists of reason would find its conclusion debatable, a COA will be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date:

cc: Movant/Defendant, *pro se*
 Counsel of Record
4413.005